IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.   3:18-cr-00227

DAVID KENNY PAUL

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Kenny Paul's Emergency Motion for Compassionate Release (ECF No. 49). For the following reasons, motion is **DENIED**.

### I. BACKGROUND

On January 7, 2019, Defendant pleaded guilty to possession with intent to distribute heroin and fentanyl. Written Plea of Guilty, ECF No. 26. The Court sentenced Defendant to 46 months of imprisonment, which the Fourth Circuit affirmed. J., ECF No. 32; *United States v. Paul*, 787 F. App'x 191, 192 (4th Cir. 2019). Defendant's release date is scheduled for April 18, 2021.

On April 20, 2020, Defendant submitted a request for a compassionate release to D.K. White, the warden of FCI Allenwood. Def.'s Mot., Ex. 1, ECF No. 49-1. The Warden denied Defendant's request on May 13, 2020. *Id*. On August 19, 2020, Defendant filed the instant motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant's motion argues that his release is warranted because he is the only available caretaker for his children, who are currently in foster care. On September 21, 2020, the United States responded to the motion (ECF No. 51) pursuant to the Court's September 14, 2020 order (ECF No. 50). The United States Probation Office also submitted a memorandum to the Court regarding Paul's release plan and suitability as a caretaker for his children.

## II. DISCUSSION

Courts may reduce a defendant's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.13 (2018). Under U.S.S.G. § 1B1.13 cmt. N.1(C)(i), the United States Sentencing Guidelines provide that "extraordinary and compelling" reasons for release exist "upon the death or incapacitation of the caregiver of the defendant's minor child or minor children." Although these guidelines do not expressly require a defendant to demonstrate that he or she is a suitable caretaker, the Court finds that this is implicitly required by the "extraordinary and compelling" standard. *See* 18 U.S.C. § 3582; *United States v. Reeves*, No. 3:18-CR-0313-B-2, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28, 2020) (rejecting compassionate release despite death of defendant's child's caretaker because there were other available caretakers and defendant was not guaranteed custody of the child); *see also* BOP Program Statement 5050.50 (requiring documentation verifying that the inmate will be able to immediately obtain custody of the child if child is in foster care). The death or incapacitation of a child's caretaker cannot constitute a "compelling" reason for release unless the defendant is able to assume the responsibilities of a caretaker. Therefore, to justify release under U.S.S.G. § 1B1.13 cmt. N.1(C)(i), a defendant must show that he or she is legally permitted to care for the children and that he or she is a suitable caretaker.

Defendant states that his release is warranted under this section because his children's mother lost her parental rights due to abuse and neglect. Def.'s Mot. 3. Defendant argues that this constitutes "incapacitation" for the purposes of U.S.S.G. § 1B1.13 cmt. N.1(C)(i) and that his

release is in the best interest of his children because he is the only relative that is willing and able to care for them. *Id*.

Defendant's motion falls short of establishing "extraordinary and compelling" reasons for his release because he has not demonstrated that he would be a suitable caretaker. Defendant has not provided evidence that he retains parental or custodial rights over the children. Moreover, the Probation Office has represented to the Court that West Virginia Child Protective Services intends to move to terminate Defendant's parental rights due to his history of substance abuse. The Probation Office has also indicated that it has not approved any of Defendant's proposed release plans due to his family members' refusal to house Defendant. While Defendant represents in his motion that he plans to live with his adult daughter if the Court grants the motion, the Probation Office has not received such a plan from Defendant. Given that Defendant has demonstrated neither that he is legally entitled to custody of the children, nor that he has a residence for the children to live in, the Court finds that the Defendant has not demonstrated extraordinary and compelling reasons for release.

### III. CONCLUSION

The Court **DENIES** Defendant David Kenny Paul's Motion for Compassionate Release. The Clerk is **DIRECTED** to send a copy of this order to defendant, counsel of record, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE